UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW STALLINGS,<br>    Defendant. | Criminal Action No. 24-191 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 23, 2025)

**I.**

A grand jury indicted Defendant Matthew Stallings on seven felony and misdemeanor charges for his alleged conduct during the riot at the United States Capitol on January 6, 2021:

- Count One: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Two: Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Inflicting Bodily Injury on Certain Officers, in violation of 18 U.S.C. §§ 111(a)(1) and (b);

- Count Three: Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon Resulting in Significant Bodily Injury, in violation of 18 U.S.C. §§ 1752(a)(1), (b)(1)(A), and (b)(1)(B);

- Count Four: Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon Resulting in Significant Bodily Injury, in violation of 18 U.S.C. §§ 1752(a)(4), (b)(1)(A), and (b)(1)(B);

- Count Five: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon Resulting in Significant Bodily Injury, in violation of 18 U.S.C. §§ 1752(a)(2), (b)(1)(A), and (b)(1)(B);

- Count Six: Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D); and

- Count Seven: Acts of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

*See* Indictment, ECF No. 15. The Indictment describes the "deadly and dangerous weapon" referenced in Counts Two, Three, Four, and Five as "chemical spray." *Id.* at 2–4.

Stallings was arraigned on these charges in April 2024 and entered a plea of "not guilty" as to each count. Min. Order (Apr. 22, 2024). In May 2024, the parties informed the Court that they had reached a plea agreement. *See* Min. Order (Apr. 22, 2024). In July 2024, Stallings sought—and the Court granted—a continuance of his plea hearing to allow him time to secure funds for his travel and housing arrangements for his family. Min. Order (July 9, 2024). In August 2024, the Court held a plea hearing and reviewed the statement of offense that Stallings had signed. Min. Order (Aug. 30, 2024). Because "it appeared that [Stallings] did not agree to portions" of that statement of offense, the Court did not accept Stallings's guilty plea to Count Two of the Indictment—Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Inflicting Bodily Injury on Certain Officers, in violation of 18 U.S.C. § 111(b). *Id.*

In January 2025, Stallings and his counsel reported an irreconcilable breakdown in their attorney-client relationship. Min. Order (Jan. 7, 2025). After discussing the matter with Stallings and his counsel *ex parte* and under seal, the Court determined that the appointment of new counsel was warranted and began coordinating the appearance of such counsel with the Office of the Federal Public Defender for the District of Columbia. *See id.* Stallings's counsel moved to withdraw from this matter, but the Court ordered that Stallings's counsel remain on the case until new counsel made an appearance. *Id.*

Stallings is scheduled to appear for a status hearing on February 6, 2025. *Id.* And his jury trial is scheduled to begin on February 24, 2025. *Id.*

**II.**

On January 21, 2025, the Government moved to dismiss the indictment against Stallings with prejudice under Federal Rule of Criminal Procedure 48(a). Gov't's Mot. to Dismiss, ECF No. 41. Later that day, the Government filed an Errata, correcting an error in its proposed order.

*See* Gov't's Errata, ECF No. 42.  As the "reason for this dismissal," the Government cites an as-yet unnumbered presidential Proclamation titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021."  *Id.*  That Proclamation, in relevant part, "direct[s] the Attorney General to pursue dismissal with prejudice to the Government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."  Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S.

The Court ordered that Stallings respond to the Government's motion to dismiss.  Min. Order (Jan. 23, 2025).  Stallings's counsel relayed that order and the Government's motion to Stallings and reported via email that Stallings does not object to dismissal.

By its terms, Rule 48(a) allows the Government, "with leave of court" to "dismiss an indictment, information, or complaint."  Fed. R. Crim. P. 48(a).  The Court must therefore consider whether to grant its leave to dismiss this case.  *See United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that the "requirement of judicial leave" in Rule 48 "gives the court a role in dismissals following indictment," even when "the defendant concurs in this dismissal"); *United States v. Flynn*, 507 F. Supp. 3d 116, 126–31 (D.D.C. 2020) (EGS) (analyzing the scope of a trial court's discretion under Rule 48(a)); *see also Rinaldi*, 434 U.S. at 30 n.15 (noting that Rule 48 "obviously vest[s] some discretion in the court" without deciding whether that discretion extends to cases in which the defendant consents to dismissal).  To inform this analysis, the Court may "require a statement of reasons and underlying factual basis" for the Government's motion to dismiss.  *See Ammidown*, 497 F.2d at 620.

Here, the Government's only stated reason for pursuing dismissal with prejudice is that the President has ordered the Attorney General to do so.  *See* Gov't's Mot. (citing Unnumbered

Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S). On the record before it, the Court does not discern any defect in either the legal merits of, or the factual basis for, the Government's case that would require dismissal. But recognizing that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case," the Court shall not require a further explanation here. *See United States v. Nixon*, 418 U.S. 683, 693 (1974).

### III.

Dismissals of charges, pardons after convictions, and commutations of sentences will not change the truth of what happened on January 6, 2021. What occurred that day is preserved for the future through thousands of contemporaneous videos, transcripts of trials, jury verdicts, and judicial opinions analyzing and recounting the evidence through a neutral lens. Those records are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies.

What role law enforcement played that day and the heroism of each officer who responded also cannot be altered or ignored. Present that day were police officers from the U.S. Capitol Police and those who came to their aid when called: the D.C. Metropolitan Police Department, Montgomery County Police Department, Prince George's County Police Department, Arlington County Police Department, and Fairfax County Police Department. Grossly outnumbered, those law enforcement officers acted valiantly to protect the Members of Congress, their staff, the Vice President and his family, the integrity of the Capitol grounds, and the Capitol Building—our symbol of liberty and a symbol of democracy around the world. For hours, those officers were aggressively confronted and violently assaulted. More than 140 officers were injured. Others tragically passed away as a result of the events of that day. But law enforcement did not falter. Standing with bear spray streaming down their faces, those officers carried out their duty to protect.

All of what I have described has been recorded for posterity, ensuring that what transpired on January 6, 2021 can be judged accurately in the future.

\* \* \*

In light of the foregoing, it is hereby **ORDERED** that:

- The Government's [41] Motion to Dismiss as supplemented by the [42] Errata is **GRANTED**;

- The [15] Indictment is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Criminal Procedure 48(a);

- All scheduled deadlines and proceedings, including the February 6, 2025 status conference and February 24, 2025 jury trial, are **VACATED**;

- The [8] Order Setting Conditions of Release is **VACATED**; and

- All other pending motions are **DENIED AS MOOT**.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  January 23, 2025

*[signature: Colleen Kollar-Kotelly]*
COLLEEN KOLLAR-KOTELLY
United States District Judge